RACHEL EVANS KING
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C.  20044-7611
(202) 514-5471

ALLAN B. K. URGENT
Assistant United States Attorney
District of New Jersey
United States Attorney's Office
970 Broad Street, 7th Floor
Newark, New Jersey 07102
(973) 297-2079

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　*Plaintiff*,<br><br>　　v.<br><br>FISHER SCIENTIFIC COMPANY<br>L.L.C., and SANDVIK, INC.<br><br>　　　*Defendants*. | Civil Action No. 2:20-cv-135 |

## COMPLAINT

Plaintiff, the United States of America, by the authority of the Attorney

General and through the undersigned attorneys, and at the request of the United

States Environmental Protection Agency ("EPA") files this Complaint and alleges as follows:

## I.      NATURE OF THE ACTION

1.      This is a civil action under Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), as amended, 42 U.S.C. §§ 9606 and 9607, for injunctive relief and recovery of response costs incurred by the United States in connection with the Fair Lawn Well Field Superfund Site ("Site") located in the Borough of Fair Lawn, Bergen County, New Jersey.

## II.      JURISDICTION, VENUE, AND AUTHORITY

2.      This Court has jurisdiction over this action and Defendants under Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and under 28 U.S.C. §§ 1331 and 1345.

3.      Venue is proper in this District under Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b), because the Site is located in this District and the releases and threatened releases of hazardous substances that gave rise to these claims occurred in this District.

## III.      DEFENDANTS

4.      Defendant Fisher Scientific Company, L.L.C. ("Fisher") is a limited liability company formed in Delaware.

2

5.     Fisher is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

6.     Fisher began manufacturing operations in 1955 at its facility in Fair Lawn, NJ, at which it formulated, distilled, packaged, and distributed laboratory reagents and solvents.

7.     Fisher used solvents including methylene chloride in its industrial operations at Fair Lawn.

8.     Defendant Sandvik, Inc. ("Sandvik") is incorporated in Delaware.

9.     Sandvik is a "person" as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

10.     Sandvik began operations in 1955 at its industrial facility in Fair Lawn, NJ, at which operations included the manufacture of cutting tools.

11.     Sandvik used chlorinated solvents including trichloroethylene and 1,1,1-trichloroethane in its manufacturing practices at Fair Lawn.

### IV.     <u>LEGAL BACKGROUND</u>

12.     CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants, and for funding the costs of

responding to releases of hazardous substances.  See 42 U.S.C. §§ 9604(a), 9601(25).

13.    Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section –
>
> (1)    the owner and operator of a vessel or a facility,
>
> (2)    any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, [and]
>
> (3)    any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances,
>
> *    *    *
>
> shall be liable for –
>
> (A)    all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the National Contingency Plan;

14.    Section 106 of CERCLA, 42 U.S.C. 9606(a) provides in pertinent part:

> [W]hen the president determines that there may be an imminent and substantial endangerment to the public health or welfare or the

environment because of an actual or threatened release of a hazardous substance from a facility, he may require the Attorney General of the United States to secure such relief as may be necessary to abate such danger or threat . . . .

## V.   GENERAL ALLEGATIONS

15.    The Site consists of an area of contaminated surface water and groundwater in the Borough of Fair Lawn, New Jersey in the vicinity of the intersection of Henderson Brook and Route 208.  The Site includes contaminated overburden, upper and lower bedrock aquifers, and a portion of Henderson Brook to which the contaminated groundwater discharges.  Wells FL-10, FL-11, FL-12, and FL-14 of the Westmoreland Well Field are impacted by the contamination.

16.    Trichloroethylene, tetrachloroethylene, 1,1,1-trichloroethane, 1,1-dichloroethylene, 1,2-dichloroethene, carbon tetrachloride, methylene chloride, chloroform, and 1,4-dioxane pollute the Site and are hazardous substances as defined by CERCLA Section 101, 42 U.S.C. § 9601.

17.    Four source properties are being remediated under New Jersey Department of Environmental Protection oversight: the Sandvik facility at 17-02 Nevins Road, the Fisher facility at 1 Reagent Lane, the former Eastman Kodak facility in the vicinity of what is now Promenade Boulevard, and 18-01 Pollitt Drive.

18.     The Site was placed on the Superfund National Priorities List in 1983 by publication in the Federal Register.  48 Fed. Reg. 40,658-40,673 (September 8, 1983).

19.     The Director of the Emergency and Remedial Response Division (now the Superfund and Emergency Management Division) of EPA Region 2, through delegated authority, determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of actual or threatened releases of hazardous substances into the environment at the Site.

20.     In September 2018, EPA released a Record of Decision setting forth the proposed remedial action for the Site.  The Fair Lawn Water Department's existing water treatment system will be updated to include an advanced oxidation process and liquid-phase granular activated carbon.  If necessary, one or more additional recovery wells with treatment units may also be installed as part of the remedy.  Over time, this treatment system will reduce the contaminant levels in the groundwater and surface water to below cleanup standards.

21.     EPA has determined that the response actions selected in the Record of Decision for this Site are necessary to abate the danger or threat at or from the Site.

## COUNT 1
### CERCLA Section 106 Claim Against Fisher

22.     Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if they were fully set forth herein.

23.     Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), Fisher is jointly and severally liable for injunctive relief to abate the danger or threat presented by a release or threatened release of hazardous substances into the environment at or from the Site.

24.     Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), Fisher is jointly and severally liable to undertake the response actions as described in the Record of Decision.

## COUNT 2
### CERCLA Section 107 Claim Against Fisher

25.     Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if they were fully set forth herein.

26.     Fisher is liable under Section 107(a)(2) because it owned and operated a facility at the time hazardous substances were disposed of at the facility, and these hazardous substances now pollute the Site.

27.     Under Section 107(a) of CERCLA, Fisher is jointly and severally liable for all unreimbursed costs incurred by the United States relating to the Site, including enforcement costs and interest.

28.     The United States is entitled to a declaratory judgment on liability against Fisher, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that will be binding in any subsequent action to recover further response costs incurred by the United States with respect to the Site.

### COUNT 3
**CERCLA Section 106 Claim Against Sandvik**

29.     Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if they were fully set forth herein.

30.     Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), Sandvik is jointly and severally liable for injunctive relief to abate the danger or threat presented by a release or threatened release of hazardous substances into the environment at or from the Site.

31.     Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), Sandvik is jointly and severally liable to undertake the response actions as described in the Record of Decision.

### COUNT 4
**CERCLA Section 107 Claim Against Sandvik**

32.     Plaintiff hereby incorporates by reference all other paragraphs of this Complaint as if they were fully set forth herein.

33.     Sandvik is liable under Section 107(a)(2) because it owned and operated a facility at the time hazardous substances were disposed of at the facility, and these hazardous substances now pollute the Site.

34.     Under Section 107(a) of CERCLA, Sandvik is jointly and severally liable for all unreimbursed costs incurred by the United States relating to the Site, including enforcement costs and interest.

35.     The United States is entitled to a declaratory judgment on liability against Sandvik, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that will be binding in any subsequent action to recover further response costs incurred by the United States with respect to the Site.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff respectfully requests that this Court provide the following relief:

1.  Order Defendants to abate the conditions at the Site that may present an imminent and substantial endangerment to the public health or welfare or environment, pursuant to Section 106(a) of CERCLA, 42 U.S.C. § 9606(a).

2.  Enter judgment in favor of the United States and against Defendants under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for unreimbursed

response costs incurred by the United States relating to the Site, including

enforcement costs and interest.

3. Enter a declaratory judgment on Defendants' liability that will be

binding in any subsequent action for recovery of further response costs relating

to the Site, under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2);

4. Award the United States its costs and fees in this action; and

5. Grant the United States such further relief as this Court may deem just

and proper.

Respectfully Submitted,


JEFFREY BOSSERT CLARK
Assistant Attorney General
Environment and Natural Resources
Division
U.S. Department of Justice

Dated:   January 3, 2020                    s/ Rachel Evans King
                                            RACHEL EVANS KING
                                            Trial Attorney
                                            Environmental Enforcement Section
                                            Environment and Natural Resources
                                            Division
                                            U.S. Department of Justice
                                            P.O. Box 7611, Ben Franklin Station
                                            Washington, D.C. 20044
                                            (202) 514-5471
                                            Rachel.King@usdoj.gov

                                            CRAIG CARPENITO
                                            United States Attorney
                                            District of New Jersey

                                            ALLAN B. K. URGENT
                                            Assistant United States Attorney
                                            District of New Jersey
                                            970 Broad Street, 7th Floor
                                            Newark, New Jersey 07102
                                            973-297-2079

OF COUNSEL:
DAMARIS URDAZ
Assistant Regional Counsel
U.S. Environmental Protection Agency
290 Broadway, 17th Floor
New York, NY 10007
(212) 637-3140

## <u>CERTIFICATION UNDER LOCAL CIVIL RULE 11.2</u>

In accordance with 28 U.S.C. § 1746, I certify that the matter in controversy in the

foregoing Complaint is not the subject of any other action pending in any court, or

any pending arbitration or administrative proceeding.


<u>s/ Rachel Evans King</u>
RACHEL EVANS KING
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
(202) 514-5471
Rachel.King@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of January, 2020, I served the foregoing

complaint upon defendants by first-class mail.  Under Paragraph 101 of the

accompanying Proposed Consent Decree and the Defendants' respective Consent

Decree signature pages, the Defendants have agreed to accept service by mail to

their counsel:

> John J. McAleese
> McCarter & English
> 1600 Market St.
> Ste. 3900
> Philadelphia, PA 19103
>
> Roger F. Assad
> Chief Legal Counsel
> Sandvik, Inc.
> 1702 Nevins Road
> Fair Lawn, NJ 07410
>
> Lindsay P. Howard
> Babst Calland
> Two Gateway Center
> 6th Floor
> Pittsburgh, PA 15222

> s/ Rachel Evans King
> RACHEL EVANS KING
> Trial Attorney
> Environmental Enforcement Section
> Environment and Natural Resources Division
> United States Department of Justice
> P.O. Box 7611, Ben Franklin Station
> Washington, DC 20044-7611
> (202) 514-5471
> Rachel.King@usdoj.gov